IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KOLANA STACKS**                                                                    **PLAINTIFF**
**on behalf of FMR, a minor**

**V.**                                        **CIVIL ACTION NO. 1:20CV153-TBM-LGI**

**KILOLO KIJAKAZI, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**                         **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court *sua sponte* upon a review of the docket in this case.  Plaintiff appeals from the decision of the Commissioner of Social Security denying her application for Social Security benefits.  On April 28, 2020, this Court entered an Order Directing Filing of Briefs setting a briefing schedule in this cause.  Pursuant to the order, Plaintiff was required to file a dispositive motion within 30 days from the filing of the Commissioner's Answer, explaining why she contends that she is entitled to relief and setting forth all the errors that she contends the ALJ committed.  On January 13, 2021, the Answer was filed, along with a copy of the Administrative Record, making Plaintiff's dispositive motion and brief due on or before February 15, 2021.  Plaintiff failed to file this motion or request an extension of time in which to file the motion and brief.  It is now more than nine months overdue.

On November 12, 2021, the undersigned issued an Order to Show Cause directing Plaintiff to show good cause for her failure to comply with the Court's briefing order.  In the alternative, Plaintiff was advised that she could comply with the Court's briefing

order by submitting a memorandum brief setting forth all the errors that she contends the ALJ made, and the reasons why she is entitled to relief. The show cause response was due no later than November 22, 2021, and Plaintiff has failed to comply.

As noted in the Order to Show Cause, this is not the first time that Plaintiff has failed to timely comply with this Court's orders. The docket reflects that Plaintiff also failed to timely comply with the Court's order directing service of process. Plaintiff was advised at that time that failure to timely comply with orders of this Court going forward, without a showing of good cause, may result in the dismissal of this case without further notice.

This Court has the authority to dismiss an action for failure to prosecute or to comply with any order of the court both under Fed. R. Civ. P. 41 (b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parities seeking relief to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, 370 U.S. at 630. Plaintiff's actions also prejudice the right of the Commissioner to promptly and fully defend the final decisions of the Social Security Administration. Even when a plaintiff is proceeding *pro se*, she still has an obligation to comply with the orders of the Court.

For these reasons, it is the recommendation of the undersigned that this cause of action be dismissed, without prejudice or further notice, for failure to prosecute pursuant

to FED. R. CIV. P. 41(b).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on December 13, 2021.

s/LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
